# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### REGINALD L. ALMO v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-27667    James C. Beasley, Jr., Judge**

-------

**No. W2003-02559-CCA-R3-PC - Filed May 25, 2005**

-------

The Petitioner, Reginald Almo, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. Because the petition fails to grant a cognizable claim for habeas corpus relief, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES AND JOHN EVERETT WILLIAMS, JJ. joined.

Reginald L. Almo. pro se.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

In September 1994, Petitioner Reginald L. Almo was charged by a Shelby County Grand Jury with first-degree premeditated murder and first-degree felony murder. On July 10, 1995, Petitioner Reginald L. Almo entered a guilty plea to one count of second-degree murder. For this offense, the trial court sentenced the Petitioner, as a range III offender, to forty-five years confinement in the

Department of Correction. Petitioner is currently confined at Northwest Correctional Complex in Tiptonville, Tennessee.

On September 10, 2003, Petitioner filed, pro se, a petition for habeas corpus relief in the Shelby County Criminal Court. As grounds for relief, Petitioner alleged that his sentence is illegal and the judgment against him is void. Specifically, Petitioner Almo asserted that (1) the trial court failed to follow the statutory sentencing procedures of the Tennessee Criminal Sentencing Reform Act in that he lacked the criminal history and requisite amount of prior convictions to justify sentencing as a range III offender and that the trial court failed to make specific findings regarding mitigating and enhancement factors, (2) the State failed to file a notice to seek enhancement pursuant to section 40-35-202, Tennessee Code Annotated, and (3) the sentence imposed exceeds the statutorily prescribed punishment for second degree murder. Petitioner also complained that his due process rights were violated as a result of the proceedings in juvenile court. By order entered September 22, 2003, the trial court denied relief finding that

> . . . Although the pleas of forty-five (45) years as a range III Persistent Offender was outside of his range, it was within the limits for Murder Second Degree a Class A felony. Further it was a negotiated Guilty Plea and the Supreme Court has ruled that a defendant may plead outside his range as long as it is within the limits set by law for that offense and was knowingly, freely and voluntarily entered into. . . .Since the plea was proper, any other issues would be outside the Statute of Limitations. . . . Therefore the petitioner has failed to state a colorable claim on which this Court could grant a petition for post-conviction relief. . . .

Petitioner filed a timely notice of appeal document on October 9, 2003. The State has filed a motion requesting that this Court affirm the judgment of the lower court pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals.[1]

The grounds upon which habeas corpus relief may be granted in this state are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman*, 153 S.W.3d at 20 (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment

---

[1]The State's motion was filed on April 21, 2004. In response to the motion, Petitioner requested an extension of time in which to submit a response. This request was granted by this Court on May 5, 2004. This Court provided Petitioner until May 17, 2004, in which to file a response. As of this date, the Petitioner has failed to file such a response.

2

of counsel nor an evidentiary hearing are required and the trial court may properly dismiss the petition. *Hickman*, 153 S.W.3d at 20 (citations omitted).

The petition fails as a petition for habeas corpus relief for numerous reasons. First, the State is correct in its position that the Petitioner did not comply with the statutory requirements for pursuing a writ of habeas corpus. Specifically, the Petitioner failed to attach a copy of his underlying judgment or to address his failure to do so, as required by Tenn. Code Ann. § 29-21-107(2). "Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." *Archer v. State,* 851 S.W.2d 157, 165 (Tenn. 1993)(citing *Bateman v. Smith,* 183 Tenn. 541, 194 S.W.2d 336, 337 (Tenn. 1946)). Moreover, an application for habeas corpus relief "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Tenn. Code Ann. § 29-21-105. The Petitioner is incarcerated in the Northwest Correctional Complex in Lake County in West Tennessee. However, he filed his petition in Shelby County. Petitioner has failed to assert any reason for not applying to the court most convenient to the place of his confinement.

Next, Petitioner contends that his sentence is illegal. Specifically, he complains that he does not possess the requisite amount of felony convictions to justify a sentence as a career offender. Offender classifications and release eligibility "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." *Bland v. Dukes*, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002) (citing *McConnell v. State*, 12 S.W.3d 795, 709 (Tenn. 2000); *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997)). The remaining claims raised by Petitioner, if proven, would result in voidable, not void, judgments. *See Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Thus, these claims are not cognizable in a habeas corpus proceeding. Petitioner did not comply with the mandatory statutory provisions in filing a petition for the writ of habeas corpus nor did he state a viable ground for habeas relief; therefore, the lower court was correct in treating the petition as one for post-conviction relief.

Pursuant to Tennessee Code Annotated section 40-30-102(a) (2003 Repl.), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." Tenn. Code Ann. § 40-30-202(a). The Petitioner's guilty plea was entered on July 10, 1995. No direct appeal was taken. Thus, the Petitioner had one year in which to pursue a post-conviction remedy. The present petition was not filed until September 10, 2003, well outside the applicable statute of limitations. While due process dictates that the statute of limitations not be so strictly applied as to deny a person the opportunity to have his claim heard and determined at a meaningful time and in a meaningful manner, *State v. McKnight,* 51 S.W.3d 559 (Tenn. 2001); *Seals v. State,* 23 S.W.3d 272 (Tenn. 2000); *Burford v. State,* 845 S.W.2d 204 (Tenn. 1992), the exceptions to the statute of limitations are explicitly limited, *i.e.,* (1) claims based upon a new rule of constitutional law applicable to a petitioner's case, (2)

3

claims based upon new scientific evidence showing innocence, and (3) claims based upon enhanced sentences that were enhanced because of convictions subsequently found to be illegal. *See* Tenn. Code Ann. § 40-30-102(b)(1)-(3). Petitioner has failed to assert one of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. *See* Tenn. Code Ann. § 40-30-106(g) (2003 Repl). Thus, no grounds exist as an exception to the statute of limitations.

For the reasons stated herein, we conclude that the trial court did not err in summarily dismissing the petition for post-conviction relief as time-barred. Moreover, the trial court properly refused to treat the petition as one for habeas corpus relief as Petitioner failed to comply with the procedural requirements for seeking issuance of the writ nor did Petitioner state a ground for relief that would entitle him to relief. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J.C. MCLIN, JUDGE