BATEMAN *v.* SMITH.

(*Jackson,* April Term, 1946.)

Opinion filed May 4, 1946.

HOMER W. BRADBERRY, of Dresden, for plaintiff in error (petitioner below).

LUKE HANNINGS and GEORGE C. ROWLETT, both of Martin, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This action was filed by the petitioner, Landow Bateman, in the county court of Weakley County, seeking a writ of *habeas corpus* for the purpose of regaining the custody of a small child alleged to be in the custody of its maternal grandmother. The petition was demurred to by the defendant, Mrs. Johnnie Smith, which was overruled; and from the action of the court in overruling the demurrer and the decree entered thereon, the defendant has appealed in error here.

It is insisted by counsel for the defendant upon this appeal that by section 9676, subsection (4), of the Code it is provided that the petition for the writ of *habeas corpus* shall state that it is the first application for such writ. This section of the Code reads as follows:

"The petition shall state:

. . . . . .

"(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the

petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.''

It is also insisted by counsel for the defendant that by the same section, subsection (3), it is provided that the petition shall show that the legality of the restraint has not already been adjudged upon a prior proceeding of the same character.

The word ''shall'' is equivalent to the word ''must.'' *Home Telegraph Co.* v. *Nashville,* 118 Tenn. 1, 101 S. W. 770, 11 Ann. Cas. 824; *State ex rel.* v. *Burrow,* 119 Tenn. 376, 104 S. W. 526, 14 Ann. Cas. 809.

In 25 Am. Jur., *Habeas Corpus,* Section 10, it is said:

''*Habeas corpus* is a high prerogative writ of common-law origin, which furnishes an extraordinary remedy to secure the release, by judicial decree, of persons who are restrained of their liberty or kept from the control of persons entitled to their custody. It issues as a matter of right, but not as a matter of course.''

Being an extraordinary procedure, the mandatory provisions of the statute must be complied with before the writ can legally issue.

On account of the nature and office of the writ of *habeas corpus,* we think subsections (3) and (4) of Section 9676 of the Code are mandatory, and the failure of the petitioner to negative these provisions rendered it demurrable.

This being so, we are of opinion that the county judge was in error in overruling the demurrer and his decree is reversed and the petition dismissed with costs.

CHAMBLISS, J., not participating.