IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1999 SESSION



**FILED**

**July 20, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| WILLIAM MICHAEL LEE, | ) | |
| a/k/a WILLIAM LEE DRUMBARGER, | ) | C.C.A. No. 02C01-9807-CC-00208 |
| | ) | |
| Appellant, | ) | Lake County |
| | ) | |
| v. | ) | Honorable R. Lee Moore, Jr., Judge |
| | ) | |
| FRED RANEY, Warden, | ) | (Habeas Corpus) |
| | ) | |
| Appellee. | ) | |

FOR THE APPELLANT:

William Michael Lee, *pro se*
LCCX - Site 01 - 98676
Lauderdale County Correctional Complex
P. O. Box 1000
Henning, TN  38041-1000

FOR THE APPELLEE:

Michael E. Moore
Solicitor General

J. Ross Dyer
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243

C. Phillip Bivens
District Attorney General
P. O. Drawer E
Dyersburg, TN  38024

OPINION FILED: _____

AFFIRMED

L. T. LAFFERTY, SENIOR JUDGE

**O P I N I O N**

The petitioner, William Michael Lee, (a.k.a. William Lee Drumbarger), appeals as of right from the trial court's dismissal of his petition for writ of habeas corpus. We affirm the judgment of the trial court.

On June 10, 1998, the petitioner filed a *pro se* petition for a writ of habeas corpus with the Lake County Circuit Court. The petitioner was an inmate at the Northwest Correctional Complex at the time he filed his petition. He claimed that the trial court: (1) denied him proper notice, by way of formal indictments, of the nature and cause of the accusations being lodged against him; and (2) denied him a fair and meaningful opportunity to defend against the accusations lodged against him in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article 1, Sections Eight and Nine of the Tennessee Constitution.

In support of his claims, the petitioner attached to the petition copies of all indictments and judgments against him, copies of unpublished opinions of this Court relevant to the issues in the petition, and a copy of the statute that the petitioner is alleged to have violated, Tenn. Code Ann. § 39-3703. Furthermore, the petitioner alleged that the instant petition is his second petition for writ of habeas corpus. However, the petitioner has failed to file and attach a copy of his first petition, nor has he attached copies of the results of any evidentiary hearings, the results of any action of the trial court as to the merits of the first petition, or any direct appeals that were taken.

The Davidson County grand jury indicted the petitioner under the name of William Lee Drumbarger for five counts of aggravated rape of five different boys, ages 7 through 10, and one count of aggravated sexual battery of a sixth boy, 11 years of age. The indictments alleged a time span from October, 1981 through January, 1982. A jury found the petitioner guilty of all charges and fixed his punishment at life for each of the aggravated rapes and thirty-five years for the aggravated sexual battery. The trial court ordered the sentences to be served concurrently. On direct appeal, this Court affirmed the

2

convictions. *State v. William Lee Drumbarger,* No. 83-141-111 (Tenn. Crim. App., Nashville, March 22, 1985), *per. app. denied* (Tenn. 1985).

The petitioner contends the indictments are void in that the term "sexual penetration" as used in the indictments did not clearly state "in ordinary and concise language" exactly what sexual penetration entails, so that a "person of 'common understanding' will know what is intended." Although the statute defines "fellatio" as sexual penetration, the petitioner contends that he did not commit aggravated rape, since the petitioner performed fellatio on the victims, thus there was no penetration.

The trial court dismissed the petition on the basis that the petitioner failed to comply with Tenn. Code Ann. § 29-21-107, which mandates that the petitioner attach a copy of the judgment of convictions to his petition. In its brief, the state agrees with the petitioner that, although the form attached to the petition for habeas corpus is a different form than that currently used by the courts, the judgment form attached by the petitioner is the correct form for a judgment in 1983 and is still valid today. Therefore, the state contends that the petitioner is being legally detained. However, regardless of the correctness of the form, the state argues that the petitioner has not shown that the judgment itself is void, which is a prerequisite to obtaining habeas corpus relief.

It is a well established principle of law that the remedy of habeas corpus is limited in nature and its scope. *Archer v. State,* 851 S.W.2d 157, 161-62 (Tenn. 1993). In Tennessee, habeas corpus relief is available only if "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Id.* The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

As part of that burden, the petitioner must comply fully with the mandatory provisions of Tenn. Code Ann. § 29-21-107. In his petition, the petitioner stated this is his second petition for habeas corpus relief, but failed to attach any disposition of the allegations or merits in the first petition for relief. Thus, we are at a loss as to exactly what happened in a prior proceeding. We are unable to determine whether the petitioner raised similar issues in the first petition. Tennessee Code Annotated § 29-21-107(4) provides that the petitioner shall state "[t]hat it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon **shall** be produced, or satisfactory reasons be given for the failure so to do."

Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously. *Archer,* 851 S.W.2d at 165; *State ex rel. Wood v. Johnson,* 216 Tenn. 531, 393 S.W.2d 135, 136 (1965); *State ex rel. Kuntz v. Bomar,* 214 Tenn. 500, 381 S.W.2d 290, 291 (1964); *Bateman v. Smith,* 183 Tenn. 541, 543, 194 S.W.2d 336, 337 (1946). It is the petitioner's duty to prepare a record which conveys a fair and accurate account of what transpired with respect to the issues that form the basis of the appeal in order to allow for a meaningful appellate review. Tenn. R. App. P. 24; *State v. Oody,* 823 S.W.2d 554, 559 (Tenn. Crim. App.), *per. app. denied* (Tenn. 1991). Thus, the petitioner has failed to comply with the mandatory provisions of Tenn. Code Ann. § 29-21-107 and is not entitled to any relief. *Gene H. Crank v. State,* No. 01C01-9708-CR-00318, 1998 WL 800190, at *1 (Tenn. Crim. App., Nashville, November 19, 1998); *Charles R. Smith v. Jimmy Harrison, Warden,* No. 02C01-9607-CC-00241, 1997 WL 404012, at *1 (Tenn. Crim. App., Jackson, July 18, 1997), *per. app. denied* (Tenn. 1998).

4

On other grounds, we affirm the trial court's judgment.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
DAVID G. HAYES, JUDGE