IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 7, 2004

## TERRANCE DUPREE WOODS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C-02-433     Clayburn Peebles, Judge**

_____

**No. W2004-00443-CCA-R3-PC  - Filed March 18, 2005**

_____

Petitioner, Terrance Dupree Woods, appeals the post-conviction court's dismissal of his petition for post-conviction relief. Following a review of the record in this matter, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the appellant, Terrence Dupree Woods.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; James G. Woodall, District Attorney General; Alfred Earls, Assistant District Attorney General, and Shaun A. Brown, Assistant District Attorney General,  for the appellee, State of Tennessee.

### OPINION

In 1999, Petitioner was charged in Madison County in case no. 98-726 in count one with aggravated burglary and in count two with aggravated rape. Pursuant to a negotiated plea agreement, Petitioner pled guilty to the lesser included offense of facilitation of aggravated rape in count two, and the State agreed to dismiss the aggravated burglary charge in count one. Petitioner was sentenced as a Range I, standard offender to eight years, all but sixty days of which was suspended, with Petitioner then placed on probation. In 2000, a probation revocation hearing was held during which Petitioner admitted he had violated the terms of his probation. The trial court revoked Petitioner's probation and ordered him to serve his eight-year sentence in the Tennessee Department of Correction.

In 2002, Petitioner filed a pro-se petition for post-conviction relief, as amended after the appointment of counsel, alleging that his trial counsel rendered ineffective assistance of counsel

during the plea negotiations, and that his arrest warrant was void because it contained false statements.

At the post-conviction hearing, Petitioner also argued that he was entitled to habeas corpus relief because his judgment of sentencing was void on its face. Petitioner argued that the State's agreement to dismiss the aggravated burglary charge essentially constituted an admission that he was not armed during the offense. Petitioner contends, therefore, that he should only have been sentenced for facilitation of rape, not facilitation of aggravated rape, notwithstanding his plea agreement to the contrary.

The post-conviction court dismissed Petitioner's petition for post-conviction relief because it was time barred. *See* Tenn. Code Ann. § 40-30-102(a). The post-conviction court declined to treat Petitioner's petition as a petition for habeas corpus relief because it failed to meet the procedural requirements required for such relief. *See id.* § 29-21-107. Furthermore, the post-conviction court found that even if Petitioner had properly filed a habeas corpus petition, he would not be entitled to relief because it did not appear that the judgment of sentencing was void on its face or that the trial court lacked jurisdiction to impose Petitioner's sentence.

On appeal, Petitioner argues that the trial court erred in dismissing his petition for post-conviction relief. In his brief, however, Petitioner does not present any argument, make any references to the record, or cite any authority in support of his position, and the issue is thus waived. *See* Tenn. Ct. Crim. App. R. 10(b); Tenn. R. App. P. 27(a) and (g). Nonetheless, Petitioner's petition for post-conviction relief was clearly filed after the one-year statute of limitations had expired. Tenn. Code Ann. § 40-30-102(a).

Furthermore, Petitioner's request that his petition for post-conviction relief be treated as one for habeas corpus relief is without merit. Petitioner did not comply with all of the statutory requirements for pursuing a writ of habeas corpus which are set forth in Tennessee Code Annotated sections 29-21-101 through 29-21-107. A petition for writ of habeas corpus, among other requirements, must state that the petitioner is illegally restrained of liberty, and identify the cause or pretense of the restraint. *Id.* § 29-21-107(b)(1). The petition must include copies of the petitioner's judgments, and state that the legality of the restraint has not been previously adjudged upon a prior proceeding. *Id.* § 29-21-107(b)(3). The petitioner must also state that the petition is the first application for a writ of habeas corpus, or, if not, attach copies of the previous application and resulting proceedings. *Id.* § 29-21-107(4). The petition for a writ of habeas corpus must be signed by the petitioner and verified by affidavit. *Id.* § 29-21-107(a). Moreover, an application for habeas corpus relief "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." *Id.* § 29-21-105. Petitioner is incarcerated in the Tennessee Department of Correction at the Northwest Correctional Complex which is located in Lake County, not Madison County where Petitioner filed his petition. These procedural requirements are mandatory "and must be followed scrupulously." *Archer v. State*, 851 S.W.2d 157, 165 (Tenn. 1993) (citing *Bateman v. Smith*, 194 S.W.2d 336, 337 (Tenn. 1946).

Based on the foregoing, we find that the trial court properly dismissed Petitioner's petition for post-conviction relief.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE