# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## ERIC GILMORE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 79459     Ray Jenkins, Judge**

---

**No. E2004-01917-CCA-R3-HC - Filed April 25, 2005**

---

The petitioner, Eric Gilmore, appeals the trial court's order dismissing his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petition fails to establish a cognizable claim for habeas corpus relief.  Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Albert John Newman, Knoxville, Tennessee, for the appellant, Eric Gilmore.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The petitioner was convicted in March 2001 pursuant to guilty pleas for two counts of theft, possession of cocaine with intent to sell, possession of marijuana, possession of under .5 grams of cocaine, and escape.  Pursuant to the plea agreement, the trial court sentenced the petitioner to an effective fifteen years as a Range I, standard offender, with one year of the sentence to be served in confinement followed by fourteen years on probation.  No direct appeal was apparently taken. See State v. Eric Eugene Gilmore, No. E2003-02568-CCA-R3-CD (Tenn. Crim. App. Sep. 9, 2004)(affirming trial court's denial of petitioner's motion to set aside his guilty pleas).

On April 7, 2004, the petitioner filed a pro se petition for writ of habeas corpus in which he claimed that his sentence had expired and he was being held illegally because his pre-trial jail credits have been incorrectly calculated.  More specifically, the petitioner noted that he began serving his sentence when the trial court revoked his probation in August 2002.  He asserted at that time, the trial court gave him credit for 573 days of jail credit.  The petitioner stated that a new revocation

order was entered in February 2004, crediting him with 582 days of jail credit. The petitioner stated that the Tennessee Department of Correction "refuses to honor" either of the trial court's revocation orders and credited him with only 507 days of pre-trial jail credit. He contended that if the department honored the trial court's orders regarding jail credits, he has completed service of 30 percent of his 15 year sentence and is entitled to be released. The trial court appointed counsel to the petitioner but ultimately dismissed the petition, finding that it failed to state a cognizable claim for relief.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W. 2d 855, 857 (Tenn. Crim. App. 1998); Tenn. Code Ann. §29-21-101. The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W. 2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W. 2d 186, 189 (1968)). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W. 2d 290, 291-92 (1964).

First, we observe that the petitioner did not file his petition in the court "most convenient in point of distance to the applicant," in this case, the Circuit Court for Johnson County, nor offer a sufficient reason "for not applying to such court or judge" as required. See Tenn. Code Ann. § 29-21-105. Instead, the petitioner filed the petition in the court of conviction without further explanation. In addition, the petitioner has failed to attach to his petition a copy of the judgments by which he is being restrained and has given no satisfactory reason for their absence. See Tenn. Code Ann. § 29-21-107(b)(2). Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously. Archer, 851 S.W. 2d at 165 (citing Bateman v. Smith, 183 Tenn. 541, 543, 194 S.W.2d 336, 337 (1946)). The petitioner has not complied with the statutory requirements for seeking habeas corpus relief and the petition was properly dismissed on this basis alone.

Moreover, there is nothing in the record to establish the petitioner's claim of an expired sentence. Judgment was entered in March 2001. Even if the petitioner's assertion that he was entitled to a total of 590 days of pre-trial jail credit is correct, it is evident that his effective fifteen-year sentence has not expired. The petitioner bases his claim of an expired sentence on the percentage of his sentence that he is required to serve as a Range I, standard offender, before becoming eligible for parole. As this court has noted, however, "release eligibility is disregarded in determining whether the sentence has expired." Lawrence Allen Hodge v. Fred Mills, Warden, No. W2004-01107-CCA-R3-HC, slip op. at _ (Tenn. Crim. App. Dec. 13, 2004) (citing Fred E. Smith v. State, No. 02C01- 9906-CC-00185, slip op. at 3 (Tenn. Crim. App., at Jackson, Oct. 28, 1999) ("Parole does not cause the sentence to expire or terminate, but is merely a

conditional release from confinement."), app. denied, (Tenn. 2000); Carl Ed Leming v. State, No. 03C01- 9603-CC-00119, slip op. at 3 (Tenn. Crim. App., at Knoxville, Apr. 22, 1997) ("Release eligibility does not amount to an entitlement to immediate release.").  We have thus held that "complaints regarding sentence credit miscalculations that relate to release eligibility short of full service of the sentence do not warrant habeas corpus relief."  Don L. Hancock v. State, No. 01C01-9710-CR-00489 (Tenn. Crim. App. Jul. 30, 1998), app. denied (Tenn. Feb. 16, 1999).

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not established that he is entitled to habeas corpus relief based on his claim of an expired sentence.  Accordingly, the state's motion is granted.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
NORMA McGEE OGLE, JUDGE