IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 7, 2005

## WALTER EARL PRESTON v. DAVID MILLS, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 5910     Joseph H. Walker, Judge**

_____

**No. W2004-02519-CCA-R3-HC  - Filed July 21, 2005**

_____

The petitioner, Walter Earl Preston, appeals the Lauderdale County Circuit Court's summary dismissal of his petition for writ of habeas corpus. He claims that his sentences are illegal, thereby rendering his judgments of conviction void. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Walter Earl Preston, Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the petitioner's 1983 convictions for robbery and rape and resulting forty-year concurrent sentences. On October 5, 2004, the petitioner filed a petition for habeas corpus alleging that his judgments of conviction were void based upon illegal sentences. He argued that because he was on parole when he committed the 1983 offenses, his 1983 sentences should have been ordered to run consecutively to each other and consecutively to the sentence for which his parole was revoked and that the Department of Correction illegally altered his judgments of conviction. On October 11, 2004, the trial court entered an order, finding the

> Petitioner did not attach any of the judgment sheets to his petition.
> He attached an indictment from September 1979 for robbery with a
> deadly weapon, and mittimus writs of confinement for robbery with
> a deadly weapon from Shelby county . . . . He attached the
> Department of Corrections [sic] listing of his convictions, which

indicate a RED date of 5-23-93, and an expiration of sentence date of 5-13-2023.

. . . .

The Court can not [sic] address the issues raised in Petitioner's petition without a copy of the judgment or other documents under which the petitioner is being restrained.

. . . .

It is therefore ORDERED that the petition is denied.

On appeal, the petitioner contends the trial court erred in dismissing his petition and that the contentions in his motion for writ of habeas corpus are meritorious. The state contends that because the petitioner failed to include a copy of his judgments of conviction in his petition and because he failed to provide an explanation for doing so, this court should affirm the trial court's summary dismissal. We agree with the state.

The trial court may summarily dismiss a petition for writ of habeas corpus relief when the petitioner does not state a cognizable claim. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A petition for the writ of habeas corpus may only be brought if the judgment is void or the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). However, if the claimed illegality renders the judgment or sentence voidable, rather than void, no relief can be granted. Id. at 161. "If the face of the record shows that the court did not have jurisdiction, then the judgment is void." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). The determination of whether relief should be granted is a question of law which this court reviews de novo. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

In Tennessee, a petition for the writ of habeas corpus must state "[t]he cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence." T.C.A. § 29-21-107(b)(2). "Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer, 851 S.W.2d at 165 (citing Bateman v. Smith, 183 Tenn. 541, 543, 194 S.W.2d 336, 337 (1946)). If a petitioner is contending that his judgment of conviction is void on its face, he must either attach a copy of it to his petition or provide a reason for his failure to do so. We conclude that the petitioner has failed on both counts and that the trial court properly dismissed the petition.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE