# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### LAQUENTON MONGER v. DAVID G. MILLS, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6011    Joe H. Walker, III, Judge**

---

**No. W2005-02516-CCA-R3-HC  - Filed April 21, 2006**

---

The Petitioner, LaQuenton Monger, appeals the lower court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because the Petitioner has failed to comply with the statutory requirements for seeking habeas corpus relief, we conclude that the trial court properly dismissed the petition.  We affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES AND J.C. MCLIN, JJ.  joined.

LaQuenton Monger, pro se.

Paul G. Summers, Attorney General & Reporter; Benjamin A. Ball, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

The Petitioner, LaQuenton Monger, was convicted by a Shelby County jury of one count of first degree felony murder by aggravated child abuse and one count of aggravated child abuse, for which convictions the trial court imposed concurrent sentences of life imprisonment and twenty years imprisonment in the Tennessee Department of Correction.  *State v. Laquenton* Monger, No. W2002-00321-CCA-RM-CD, 2002 WL 1349528, *1 (Tenn. Crim. App., at Jackson, Jun. 20, 2002), *perm. to appeal denied,* (Tenn. Dec, 9, 2002).  On direct appeal, a panel of this Court reversed the

1

judgment in the aggravated child abuse case on the basis that constitutional prohibitions against double jeopardy preclude dual convictions of first degree felony murder by aggravated child abuse and aggravated child abuse. *Id.* The conviction for first degree felony murder was reversed due to the trial court's failure to instruct the jury on lesser-included offenses. *Id.* The State sought review of this Court's opinion from the Tennessee Supreme Court. The Tennessee Supreme Court granted the State's application for the sole purpose of remanding the cases to this court for reconsideration in light of its November 29, 2001, opinion in *State v. Godsey,* 60 S.W.3d 759 (Tenn. 2001). *Id.* Upon remand from our supreme court, this Court reinstated the judgment of the trial court in the aggravated child abuse case and left undisturbed the original disposition in the felony murder case. *Id.* The Petitioner is currently confined at West Tennessee State Penitentiary.

On October 11, 2005, the Petitioner filed a "petition to correct illegal sentence" in the Circuit Court for Lauderdale County. The Petitioner alleged that, "on December 03, 2003, he was found guilty of second degree murder and received an (Twenty Year Sentence), however, and on February 27, 2000, Petitioner again received an (Twenty Year Sentence) for aggravated child abuse which was Concurrent, with the December 03, 2003 sentence." The "Petitioner avers that these sentences was imposed [sic] in violation of the Constitution and Laws of the United States." Specifically, he argued that "an 100 percent of an twenty years sentence imposed as a result of incorrect application of the sentencing guidelines must be Reversed." By order entered October 17, 2005, the trial court dismissed the petition. In doing so, the trial court, treating the petition as one seeking habeas corpus relief, observed that the "Petitioner did not attach a copy of the judgment causing the restraint or a copy of the record of the proceedings, per T.C.A. § 29-21-107, and the petition is subject to summary dismissal." The court further found that "[t]he issues raised by petitioner in this petition have been addressed." A timely notice of appeal document was filed on October 28, 2005.

In this state, the grounds upon which habeas corpus petitions are granted are narrow. Habeas corpus relief only addresses detentions that result from void judgments or expired sentences. *See Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004) (quoting *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate relief. However, where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell,* 59 S.W.3d 90, 93 (Tenn. 2001) (citing T.C.A. § 29-21-109 (2000); *see, e.g., Archer,* 851 S.W.2d at 164 (parenthetical omitted)). The Petitioner does not contend that his sentences have expired, thus, he is only entitled to relief if his judgments are void.

The State has filed a motion requesting summary affirmance in accordance with Rule 20, Rules of the Tennessee Court of Criminal Appeals. In its motion, the State contends that summary

affirmance is proper in that the Petitioner failed to comply with the statutory requirements of a habeas corpus petition. Specifically, the State contends that the Petitioner has not attached copies of the judgments of conviction.

The State's position is well-taken. The record before this Court reflects that the Petitioner has failed to attach to his petition a copy of the judgments by which he is being restrained. *See* T.C.A. § 29-21-107(b)(2). In his notice of appeal document, the Petitioner complained that "as he is acting [*pro se*], he seeks appointment of counsel . . .he was therefore denied his rights to his Judgment sheets and rights to his transcripts of any kind by the Circuit Court Clerk . . . and his lawyer." We cannot conclude that this provides satisfactory reason for the absence of the judgments of conviction. Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously. *Archer,* 851 S.W.2d at 165 (citing *Bateman v. Smith,* 183 Tenn. 541, 543, 194 S.W.2d 336, 337 (1946)). The Petitioner has not complied with the statutory requirements for seeking habeas corpus relief and the petition was properly dismissed on this basis alone.

As grounds for habeas corpus relief, the Petitioner asserts that one hundred percent service of a twenty-year sentence imposed for a conviction for murder in the second degree and one hundred percent service of a twenty-year sentence imposed for a conviction of aggravated child abuse are illegal under *William Boyd v. State.* In *William Boyd*, the petitioner was charged with one count of aggravated rape and one count of especially aggravated sexual exploitation of a minor. *William Boyd v. State*, No. E1999-02179-CCA-R3-PC, 2000 WL 1661526, *1 (Tenn. Crim. App., at Knoxville, Nov. 6, 2000). Boyd accepted a plea agreement whereby the aggravated rape count was dismissed; he pleaded guilty to especially aggravated sexual exploitation of a minor, and he accepted a sentence of eight years to be served at 100 percent. *Id.* He later claimed that the sentence was illegal because especially aggravated sexual exploitation of a minor was not one of the offenses enumerated in Code sections 40-35-501(i) or 39-13-523 for which 100 percent service is required. *Id.* A panel of this Court agreed and vacated the petitioner's conviction of especially aggravated sexual exploitation of a minor and remanded to the trial court with instructions that the court reject the plea agreement disposing of both charges based upon the illegality of the sentence. *Id.* at *6. These facts are not analogous to those presently before this Court. Both second degree murder and aggravated child abuse are statutory offenses for which conviction requires one hundred percent service. *See* T.C.A. § 40-35-501. Accordingly, the Petitioner's complaint lacks merit and does not entitle him to habeas corpus relief.

For the reasons stated herein, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE

3