# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MARVIN ANTHONY MATTHEWS v. TONY PARKER, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 09-CR-9350     R. Lee Moore, Jr., Judge**

---

**No. W2009-02177-CCA-R3-HC  - Filed August 17, 2010**

---

The petitioner, Marvin Anthony Matthews, appeals pro se the Circuit Court of Lake County's order dismissing his petitions for habeas corpus relief.  The petitioner claims he is being illegally detained because his sentence for third degree burglary has expired.  The State filed a motion requesting this court to affirm the trial court's order pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and J. C. MCLIN, JJ., joined.

Marvin Anthony Matthews, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

The petitioner pled guilty to second degree burglary on April 2, 1984, case number 91091.  He was sentenced as a persistent offender to fifteen years in the Tennessee Department of Correction.  The judgment form states that the petitioner was allowed 110 days of jail credit.  On August 7, 1984, the petitioner pled guilty to third degree burglary, case number 8402495.  He was sentenced as a persistent offender to ten years in the Tennessee Department of Correction.  The trial court ordered this sentence to run consecutively to the fifteen-year sentence for second degree burglary.  The petitioner received a combined sentence of twenty-five years. He did not challenge either conviction on direct appeal.

The petitioner was subsequently convicted of grand larceny in 1988.[1] See Marvin Anthony Matthews v. State, 1990 WL 2862, at *1 (Tenn. Crim. App., at Jackson, Jan. 17, 1990). He received a life sentence as a habitual offender. Id. This court summarized the petitioner's lengthy procedural history following the conviction in Marvin Anthony Matthews v. Tony Parker, Warden, No. W2010-00442-CCA-R3-HC, 2010 WL 2490773, at *1-2 (Tenn. Crim. App., at Jackson, June 21, 2010).

This appeal concerns the petitioner's convictions for second degree burglary and third degree burglary. The petitioner filed a petition for writ of habeas corpus on September 8, 2009. The petition alleged that the sentence for second degree burglary expired on August 22, 1997. As an attachment, the petitioner included a printout from the Tennessee Offender Management Information System (TOMIS). The printout lists the sentence expiration date as August 22, 1997, and the final expiration date as January 29, 2001.

The petitioner filed a second petition for writ of habeas corpus on September 18, 2009, with the same docket number as the September 8 petition. The latter petition argued that the sentence for third degree burglary expired on March 1, 2004, and therefore the petitioner was being illegally detained. The petition also asserted that the institutional record did not contain a certified copy of any new sentence. The petitioner attached another printout from TOMIS, which is dated July 10, 2007. The printout lists the sentence expiration date as March 1, 2004, and the final expiration date as November 13, 2010. Neither of the petitions for writ of habeas corpus mention the life sentence for grand larceny.

The trial court dismissed both petitions in a single order. The order stated:

In both of these petitions, petitioner states that his sentences have expired. He states that he is entitled to be released immediately and the only basis for the release is that the sentences have expired. He alleges that some employee of the TDOC advised him that the first sentence expired on August 22, 1997, and that he assumed that the employee would continue to take the necessary steps to bring the expired sentence to the attention of the central office. In his second petition, he alleges that he learned from an employee of TDOC that his ten year sentence had expired on March 1, 2004. He again states that he was under the impression that the employee had taken necessary

---

[1]The grand larceny occurred after the petitioner escaped from jail on August 9, 1987. See State v. Marvin Anthony Matthews, No. 02-C-019105CC00082, 1991 WL 248445, at *1 (Tenn. Crim. App., at Jackson, Nov. 27, 1991). He was returned to the custody of the Tennessee Department of Correction on September 14, 1989. Id.

steps to report this matter to the central office at the TDOC. He feels that he is entitled to immediate release.

The petitioner provides the Court with a copy of his indictment on both charges and a copy of his judgment. He also provides a copy of his TOMIS report on each charge. No other information is provided.

The petitioner does not provide the Court with a history of his sentences for the Court to know whether or not he has been paroled or had his parole revoked. The only thing that the Court has to go by in this case is that the TOMIS report on the second charge indicates that the final expiration date is November 13, 2010. Consequently, it appears from the information supplied by the petitioner that his total sentences have not expired. He, therefore, states no basis for habeas corpus relief at the present time. The petition is, therefore, denied.

After the trial court issued the order, the petitioner filed a timely notice of appeal.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83.

In contrast, a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citations omitted).

Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The petitioner argues that he is being unlawfully detained because his sentence for third degree burglary expired. He relies exclusively on the judgment forms and the TOMIS printouts. In response, the State claims the petitioner is not entitled to relief because he is currently restrained under a life sentence for grand larceny. The State also argues that the petitioner did not comply with the requirements of habeas corpus practice because he failed to attach copies of prior petitions for habeas corpus relief.

We agree with the State that the petitioner is not unlawfully detained. The petitioner is serving a life sentence for grand larceny, which remains in effect. See Marvin Anthony Matthews, 2010 WL 2490773, at *1. The petitioner also failed to demonstrate that his sentence for third degree burglary expired. The record is limited to the judgment form and the TOMIS printout from July of 2007. The petitioner argues that his sentence for third degree burglary has expired because the TOMIS printout lists the sentence expiration date as March 1, 2004. However, the printout states that the final expiration date is November 13, 2010. The difference between the two dates is that the sentence expiration date accounts for sentence reduction credits. See Peter Greer v. Tennessee Department of Correction, No. M2000-00222-COA-R3-CV, 2002 WL 598561, at *1 n. 2 (Tenn. Ct. App., Apr. 17, 2002). The record does not contain any documentation regarding sentence reduction credits, and therefore it is unclear which expiration date is applicable.

In the petitioner's brief, he also claims that the trial court should have held a hearing to determine if he was indigent for purposes of appointing counsel. He did not raise this issue in either petition for writ of habeas corpus, and therefore it is waived. See George Campbell, Jr. v. Bruce Westbrooks, Warden, No. W2002-02086-CCA-R3-CO, 2003 WL 22309471, at *3 (Tenn. Crim. App., at Jackson, Oct. 6, 2003) (citing State v. Turner, 919 S.W.2d 346, 356 (Tenn. Crim. App. 1995)); Kenneth Steele v. State, 1997 WL 211265, at *1 (Tenn. Crim. App., at Nashville, Apr. 30, 1997); Ricks v. State, 882 S.W.2d 387, 393

(Tenn. Crim. App. 1994). Waiver notwithstanding, the petitioner would not be entitled to relief on this issue. As discussed above, the trial court can dismiss a petition for habeas corpus relief without an evidentiary hearing and without the appointment of counsel if the petitioner failed to state a cognizable claim. Jermaine Hunter v. Howard Carlton, Warden, No. E2007-00438-CCA-R3-HC, 2007 WL 2792923, at *1 (Tenn. Crim. App., at Knoxville, Sept. 27, 2007) (citing Summers, 212 S.W.3d at 260 and Hickman, 153 S.W.3d at 20). Here, the petitioner has not presented a cognizable claim, and therefore the trial court was not required to hold a hearing or to appoint counsel.

We note that the petitioner failed to comply with the procedural requirements of the habeas corpus statute. The procedural requirements are mandatory and must be strictly followed. See Archer, 851 S.W.2d at 165 (citing Bateman v. Smith, 194 S.W.2d 336, 337 (Tenn. 1946)). Tennessee Code Annotated section 29-21-107(b)(4) mandates that copies of prior petitions for writ of habeas corpus must be attached to the current petition unless a satisfactory reason is provided. Here, the petitioner failed to include copies of two prior petitions.[2] See Marvin Anthony Matthews v. Alton Hesson, Warden, No. 02C01-9712-CC-00465, 1998 WL 100594, at *1 (Tenn. Crim. App., at Jackson, Mar. 10, 1998); Marvin Anthony Matthews v. David Mills, Warden, No. W2005-01504-CCA-R3HC, 2005 WL 3202546, at *1 (Tenn. Crim. App., at Jackson, Nov. 30, 2005). The petitioner gave the following explanation for the absence of these petitions:

> [T]he reason petitioner has not annexed a copy of his previous writ to this petition is because the earlier writ for habeas corpus has through no fault of the petition . . . been misplaced through the institutional shakedown that takes place periodically through[]out the institution.

We do not find that this explanation alone provides a satisfactory reason for not including the prior petitions. Their absence constitutes another basis for affirming the trial court's dismissal. See Jimmy Wayne Wilson v. State, No. 03C01-9806-CR-00206, 1999 WL 420495, at *2 (Tenn. Crim. App., at Knoxville, June 24, 1999).

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted.

---

[2]The two prior petitions addressed the sufficiency of the indictments for the second and third degree burglary. They did not cover the same issues raised in the current petitions.

The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE