# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### SEPTEMBER SESSION, 1997

FILED

October 3, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JOHN J. VILLANEUVA, | ) | |
| | ) | No. 03C01-9611-CR-00425 |
| Appellant | ) | |
| | ) | JOHNSON COUNTY |
| vs. | ) | |
| | ) | Hon. LYNN W. BROWN, Judge |
| HOWARD CARLTON, Warden, | ) | |
| and STATE OF TENNESSEE, | ) | |
| | ) | (Writ of Habeas Corpus) |
| Appellee | ) | |


For the Appellant:

**John J. Villanueva**, *Pro Se*
117376 NECC POB 5000
Mountain City, TN 37683

For the Appellee:

**Charles W. Burson**
Attorney General and Reporter

**Michael J. Fahey, II**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

(AT TRIAL AND ON APPEAL)


OPINION FILED: _____


AFFIRMED


**David G. Hayes**
Judge

## OPINION

The appellant, John J. Villaneuva, appeals the trial court's summary dismissal of his *pro se* application for writ of habeas corpus.[1]  On July 16, 1987, the appellant was found guilty by a Jefferson County jury of first degree burglary.  Based upon this "triggering" offense and requisite qualifying felony convictions, the appellant received an enhanced sentence of life imprisonment after a jury found him to be an habitual offender.[2]  See Tenn. Code Ann. § 39-1-801(repealed 1989).  On November 10, 1987, the appellant pled guilty in the Jefferson County Criminal Court to one count of rape, one count of sexual battery, and two counts of first degree burglary.  The court imposed an effective sentence of twenty-five years for these convictions and ordered that this sentence run concurrently to his life sentence.  The appellant is currently incarcerated at the Northeast Correctional Center in Johnson County.

On August 12, 1996, the appellant filed an application for a writ of habeas corpus alleging that the judgments entered against him on the charges of rape, sexual battery, and habitual criminality are void because the indictment failed to allege the *mens rea* of the offenses charged.  The appellant's petition also contends that his "conviction" as an habitual criminal is void because his Illinois guilty plea convictions establishing this classification were not knowingly entered pursuant to Tennessee law.[3]  Finding that the appellant's claims were not appropriate for habeas corpus relief, the Johnson County Criminal Court summarily dismissed the appellant's application.  The appellant now appeals this decision alleging, *inter alia*,

---

[1]We note that the spelling of the appellant's surname in the State's indictment and on direct appeal is reflected as "Villaneuva."  However, the appellant's *pro se* brief reflects the spelling "Villanueva."  For purposes of consistency, we use the name of the appellant as it appears on the indictment.

[2]Specifically, in addition to the "triggering" offense, the State's notice to the appellant in count fourteen of the indictment includes nine prior felony convictions from Illinois and one prior felony conviction from Indiana.

[3]The appellant contends that the Illinois court that accepted his guilty pleas did not inform him that his convictions could subsequently be used to enhance any future out-of-state sentence.

2

that the trial court erred in summarily dismissing his petition and, in the alternative, that the trial court should have treated his petition as one for post-conviction relief.

After a review of the record, we affirm the decision of the trial court.

## I. Summary Dismissal of Application for Writ of Habeas Corpus

The appellant first asserts that, regardless of the merits of his claims, the trial court's summary dismissal of his application for writ of habeas corpus without an evidentiary hearing, without the appointment of counsel, without a reasonable opportunity to amend his petition, and without requiring the State to file an answer to the petition violated the appellant's due process and equal protection rights. We disagree.

The appellant misreads the procedural requirements involved in the issuance of writs of habeas corpus. Briefly, to obtain such relief in Tennessee, a "prisoner" must submit an application, in the form of a petition, for the issuance of a writ to the court most convenient in location to the "prisoner."[4] See Tenn. Code Ann. § 29-21-101, -105, -107 (1980). If, from the face of the petition, the reviewing court finds nothing to indicate that the appellant's challenged convictions might be void, the court shall dismiss the petititon and refuse the issuance of the writ.[5] See Tenn. Code Ann. § 29-21-101, -109. Therefore, it follows that if the writ is refused, a hearing on the petition is precluded, thereby obviating any response from the State.

---

[4]Contrary to the appellant's assertions, the law in this State does not require the appointment of legal counsel in drafting an application for writ of habeas corpus. See State v. Harris, No. 01C01-9309-CR-00304 (Tenn. Crim. App. at Nashville, Nov. 10, 1994), perm. to app. denied to app. denied to appeal denied, (Tenn. Mar. 6, 1995).

[5]Additionally, we note that, in that habeas corpus proceedings are essentially civil in nature, the Rules of Civil Procedure are applicable where consistent with Tenn. Code Ann. § 29-21-101 et seq. Tenn. R. Civ. P. 12 provides trial courts the authority to dismiss complaints sua sponte when the pleadings thereon fail to state a claim upon which relief may be granted.

See Harris, No. 01C01-9309-CR-00304.

The procedural provisions pertaining to habeas corpus relief are mandatory and must be scrupulously followed. Harris, No, 01C01-9309-CR-00304 (citing Bateman v. Smith, 183 Tenn. 541, 543, 194 S.W.2d 336, 337 (1946)). Again, the trial court found that the appellant's application failed to state a claim which could form the basis for habeas relief. We agree. Allegations concerning the sufficiency of the indictment are not the proper subject of habeas corpus relief. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969); Barber v. State, No. 01C01-9408-CR-00281 (Tenn. Crim. App. at Nashville, Feb. 23, 1995). Moreover, it is well-established that the appellant may not collaterally attack his Illinois convictions in this State. See U.S. CONST. art. IV, § 1. See also Rhoden v. State, 816 S.W.2d 56, 66 (Tenn. Crim. App. 1991). We conclude that the trial court properly followed the provisions of Tenn. Code Ann. § 29-21-101 *et seq.* in summarily dismissing the petition. This contention of the appellant is without merit.

## II. Failure to Treat Application as Petition for Post-Conviction Relief

Next, the appellant argues that, regardless of this court's ruling on the trial court's summary dismissal, the trial court should have considered his application for writ of habeas corpus as a petition for post-conviction relief. See Tenn. Code. Ann. § 40-30-205(c) (1996 Supp.). The appellant pursued a direct appeal of his burglary conviction and habitual criminal status. These judgments were affirmed. See State v. Villaneuva, C.C.A. No. 77 (Tenn. Crim. App. at Knoxville, July 5, 1988), perm. to app. denied to app. denied to appeal denied, (Tenn. Oct. 3, 1988). The appellant did not pursue a direct appeal of his November 10, 1987, guilty plea convictions. Accordingly, a petition for post-conviction relief was barred by the three-year statute

4

of limitations. See Tenn. Code Ann. § 40-30-102 (repealed 1995). Notwithstanding being time-barred on its face, the petition raises no viable exception for tolling the statute. Furthermore, a petition for post-conviction relief must be filed in the county or judicial district in which the conviction occurred. See Tenn. Code Ann. § 40-30-204(a) (1996 Supp.). Accordingly, we conclude that the trial court did not err by failing to treat the application as a petition for post-conviction relief. This issue is without merit.

### III. Sufficiency of the Indictments

Notwithstanding our previous holdings in this matter, we find the substance of the appellant's claim to be without merit. The appellant, in his application for writ of habeas corpus, alleges that the judgments entered against him for the offenses of "habitual criminal," rape, and sexual battery are void because the indictment fails to allege the *mens rea* of the offenses charged.[6]

Initially, we note that the appellant's claim attacking his "conviction as an habitual criminal" is ill-founded. This State's habitual criminal statute, now repealed, did not create an independent crime but defined a status prescribing circumstances under which there was an enhanced penalty for the "triggering" offense. See Pearson v. State, 521 S.W.2d 225 (Tenn. 1975). See also Tenn. Code. Ann. § 39-1-801. In order to establish the appellant's status as an habitual criminal, the State need only prove that the appellant has, in addition to the triggering offense, three prior felony convictions, two of which must be included in the statutory list of enumerated felonies. See Tenn. Code Ann. § 39-1-801. Accordingly, no mental element on behalf of the appellant is necessary for classification as an habitual

---

[6]Although we consider his convictions for rape and sexual battery in this appeal, we note that the appellant's brief does not specifically contest these convictions, rather it is limited to his "conviction as an habitual criminal."

5

criminal.

Moreover, considering all convictions herein challenged by the appellant, we conclude that his reliance on State v. Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. at Nashville, June 20, 1996) and State v. White, No. 03C01-9408-CR-00277 (Tenn. Crim. App. at Knoxville, June 7, 1995) is misplaced. The decisions in Hill and White involve post-1989 indictments and specifically address Tenn. Code Ann. § 39-11-301(c)(1989) (requirement of culpable mental state). The appeal now before this court involves an indictment returned in 1987. Prior to 1989, the Code did not contain a provision comparable to Tenn. Code Ann. § 39-11-301(c). Accordingly, the decisions in Hill and White do not control review of the issue before us.

On the date of the offenses in this case, rape and sexual battery were crimes that required a defendant to have an "unlawful" or "felonious" intent. Tenn. Code. Ann. § 39-2-604 (1982); Tenn. Code Ann. § 39-2-607 (1987 Supp.). The indictment in the present case charged that the appellant did "unlawfully" and "feloniously" commit each charged offense. This language was sufficient under the law as it existed at the time. See Campbell v. State, 491 S.W.2d 359, 361 (Tenn. 1973) (an indictment using the words "feloniously" or "unlawfully" is sufficient). This issue is without merit.

## IV.  Conclusion

After reviewing the appellant's challenges on appeal and the substantive merits of the claims raised in the appellant's petition, we affirm the trial court's summary dismissal of the application for writ of habeas corpus.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOHN H. PEAY, Judge


_____
WILLIAM M. BARKER, Judge