IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 15, 2024

FILED
OCT 2 3 2024
Clerk of the Appellate Courts
REc'd By_____

### ROXANA BIANCA JORDAN V. THOMAS KERRY JORDAN

**Appeal from the Circuit Court for Roane County**
**No. 21-CV-44      Michael S. Pemberton, Judge**

_____

### No. E2024-01571-COA-T10B-CV
_____

A pro se litigant sought to appeal the trial court's denial of a recusal motion. She did not follow the requirements of Tennessee Supreme Court Rule 10B, Section 2.03. Therefore, we dismiss the case.

### Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed

ANDY D. BENNETT, J., delivered the opinion of the Court, in which CARMA DENNIS MCGEE and KRISTI M. DAVIS, JJ., joined.

Roxana Bianca Jordan, Kingston, Tennessee, pro se.

Joe R. Judkins and Aaron Dalton Duffey, Oak Ridge, Tennessee, for the appellee, Thomas Kerry Jordan.

### OPINION

In this matter, Roxana Bianca Jordan, acting pro se (a nonlawyer representing herself in court proceedings), attempts to appeal, pursuant to Tennessee Supreme Court Rule 10B, the denial of her recusal motion by the trial court.

Everyone is entitled to a fair trial, which includes an impartial judge. *Berg v. Berg*, M2018-01163-COA-T10B-CV, 2018 WL 3612845, at *3 (Tenn. Ct. App. July 27, 2018). This is a fundamental right. *Id.* As a pro se litigant, Ms. Jordan's efforts and filings will receive some leeway because of her lack of legal training. *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 551 (Tenn. Ct. App. 2015). She must, however, follow the rules of the courts. *Id.* Otherwise, her opponent, who must also follow the rules, would not receive a fair trial. *See Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App.2003) ("[T]he

courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary.").

An appeal of a trial court's denial of a motion to recuse is initiated with the Court of Appeals by filing a petition for recusal appeal. TENN. SUP. CT. R. 10B, § 2.02. Ms. Jordan took the Notice of Appeal form, crossed out the heading "Notice of Appeal," wrote above it "Petition for Recusal 10B," and filled out the form. This is fatally incorrect because the document does not contain the required information for such petitions. Tennessee Supreme Court Rule 10B, § 2.03 states:

> The petition for recusal appeal shall contain:
>
> > (a) A statement of the issues presented for review;
> > (b) A statement of the facts, setting forth the facts relevant to the issues presented for review;
> > (c) An argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities; and
> > (d) A short conclusion, stating the precise relief sought.
>
> The petition shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal.

Ms. Jordan only filed the altered Notice of Appeal form and the trial court's decision. Section 2.03 says "shall contain." "Shall" is ordinarily construed as mandatory. *Stubbs v. State*, 393 S.W.2d 150, 154 (Tenn.1965). "The word 'shall' is equivalent to the word 'must.'" *Bateman v. Smith*, 194 S.W. 2d 336, 336 (Tenn. 1946) (citing *Home Tel. Co. v. Nashville*, 101 S.W. 770, 773 (Tenn. 1907)). Yet, the required facts, arguments and references to the record and legal authorities are entirely absent from Ms. Jordan's petition. It is not the role of the Court of Appeals to construct a legal argument with legal authorities for her or even to speculate as to what that argument might be. *Robinson v. City of Clarksville*, 673 S.W.3d 556, 571 n.6 (Tenn. Ct. App. 2023).

Pursuant to Tenn. Sup. Ct. R. 10B, § 2.05, we find that no answer from the other party is needed. The matter is dismissed for failure to comply with Tenn. Sup. Ct. R. 10B, § 2.03.

CONCLUSION

This appeal is dismissed, and the costs of the appeal are assessed against the appellant, Roxana Bianca Jordan, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE