IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 2, 2004

## DAVID WAYNE BRITT  v. RICKY BELL, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 5242   Jon Kerry Blackwood, Judge**

---

**No. W2004-01524-CCA-R3-HC  - Filed December 8, 2004**

---

In 1990, the Defendant, David Wayne Britt, pled guilty to: (1) first degree murder; (2) conspiracy to commit first degree murder; and (3) possession of a deadly weapon with the intent to employ it in the commission of an offense.  In accordance with the plea agreement, the Defendant was sentenced to life imprisonment for the first degree murder conviction, three years for the conspiracy to commit first degree murder conviction, and one year for the possession of a deadly weapon conviction.  The Defendant filed a petition for post-conviction relief, which the trial court denied and this Court affirmed that judgment.  The Defendant filed a petition for a writ of habeas corpus.  The Morgan County Criminal Court denied relief on the first degree murder and possession of a deadly weapon convictions, but it granted relief on the conspiracy to commit first degree murder conviction holding that the three year sentence was illegal.  The Defendant initially appealed the Morgan County Criminal Court's judgment, and then dismissed that appeal.  Subsequently, the Defendant filed a motion in the Hardeman County Circuit Court seeking to withdraw his guilty pleas, which was denied. On appeal, the Defendant contends that because one of his sentences is illegal, his guilty pleas were constitutionally defective.  The Defendant contends that he should, therefore, be able to withdraw his guilty pleas to all three offenses.  After reviewing the record and relevant authorities, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH  and J.C. McLIN, JJ., joined.

David Wayne Britt, pro se, Nashville, Tennessee.

Paul G. Summers, Attorney General and Reporter; and Kathy D. Aslinger, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Facts

On April 9, 1990, the Defendant pled guilty to: (1) first degree murder; (2) conspiracy to commit first degree murder; and (3) possession of a deadly weapon with the intent to employ it in the commission of an offense. In accordance with his plea agreement, the trial court sentenced the Defendant to life imprisonment for the first degree murder, three years for the conspiracy to commit first degree murder, and one year for the possession of a deadly weapon. See David Wayne Britt v. State, No. 02C01-9607-CC-00224, 1997 WL 409519, at *1 (Tenn. Crim. App., at Jackson, July 23, 1997), *perm. app. denied* (Tenn. Mar. 16, 1998). On April 27, 1994, the Defendant filed a pro se petition for post-conviction relief, which was amended with the assistance of counsel. Id. In the petition, the Defendant alleged that he was denied effective assistance of counsel. The trial court denied the petition, and this Court affirmed the trial court's decision. Id.

In 2002, the Defendant filed a petition for habeas corpus, in the Morgan County Criminal Court, in which he alleged that his judgments and sentences were void. The trial court denied the Defendant habeas corpus relief on the first degree murder and the possession of a deadly weapon convictions, but granted him habeas corpus relief on the conspiracy to commit first degree murder conviction. The trial court found that the judgment for conspiracy to commit murder in the first degree was "facially void" and vacated the sentence. The trial court ordered that the case be returned to Hardeman County for re-sentencing, pursuant to the statute.

The Defendant appealed to this Court, contending that the trial court erred in refusing to grant him relief on the remaining convictions. The Defendant filed a motion seeking voluntary dismissal of his appeal, which was granted on July 13, 2004. On May 18, 2004, the Defendant filed a motion to withdraw his guilty pleas, in Hardeman County, based on the Morgan County Criminal Court granting him habeas corpus relief and returning the case to Hardeman County. The Defendant claims that his guilty plea was neither knowing nor voluntary because he received an illegal sentence for one of the counts, conspiracy to commit first degree murder. The Defendant asserts that since his guilty pleas were based upon a plea agreement for all three counts, and the sentence for conspiracy to commit first degree murder was illegal, his guilty pleas for the other counts were not knowingly and voluntarily entered. On June 3, 2004, the Hardeman County Court dismissed the Defendant's conviction for conspiracy to commit murder in the first degree as facially void. The Hardeman County Court denied the Defendant's motion to withdraw his remaining guilty pleas and determined that the remaining convictions were valid. It is from this order of the trial court that the Defendant now appeals.

## II. Analysis

Article I, section 15 of the Tennessee Constitution guarantees its citizens the right to seek habeas corpus relief and Tennessee Code Annotated sections 29-21-101 et seq. codify the applicable procedures for seeking a writ. However, the grounds upon which our law provides relief are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn.1999). "Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Therefore, in order to state a cognizable claim for habeas

corpus relief, the petition must contest a void judgment. Id. "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment . . . . A voidable judgment is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate its voidableness." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (citing Archer v. State, 851 S.W.2d 157, 161 (Tenn. 1993)). A sentence imposed in direct contravention of a statute is illegal and therefore "void or voidable depending upon whether the illegality of the sentence is evident on the face of the judgment or the record of the underlying proceedings." McLaney v. Bell, 59 S.W.3d 90, 94 (Tenn. 2001) (citing Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000)), see also State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978).

The petitioner bears the burden of showing by a preponderance of the evidence that the conviction is void or that the prison term has expired. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superceded by statute as stated in* State v. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998), *no perm. app. filed.* The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. It is permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. See Passarella, 891 S.W.2d at 627. Because the determination of whether habeas corpus relief should be granted is a question of law, our review is de novo with no presumption of correctness. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

The Defendant contends that the trial court erred by not ordering that his guilty pleas for first degree murder and possession of a deadly weapon be withdrawn because they were not entered knowingly and voluntary. He asserts that since he received an illegal sentence upon pleading guilty to conspiracy to commit first degree murder, his guilty plea for all three counts could not have been entered knowingly and voluntarily. The State contends that the trial court properly denied the Defendant's motion to withdraw his guilty pleas because the Defendant's motion was untimely, the Defendant's motion to withdraw his guilty pleas cannot be considered as a new habeas corpus petition, and the habeas corpus petition was not filed in the proper venue. The State further asserts that the Defendant has failed to establish that he is entitled to habeas corpus relief from his convictions for first degree murder and possession of a deadly weapon. After thoroughly reviewing the record and applicable law, we find that the trial court did not err in dismissing the Defendant's motion to withdraw his guilty pleas and that the Defendant is not entitled to habeas corpus relief from his convictions for first degree murder and possession of a deadly weapon.

Initially, we note that the Defendant has not complied with the statutory requirements for pursuing a writ of habeas corpus. "Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer, 851 S.W.2d at 165 (citing Bateman v. Smith, 194 S.W.2d 336, 337 (Tenn. 1946)). The Defendant's motion to withdraw his guilty plea does not conform to the requirements for a writ of habeas corpus, pursuant to Tennessee Code Annotated section 29-21-107(b)(2003). That section requires, among other things, that a petition for habeas corpus relief be verified by affidavit, state that the person seeking the writ is

illegally restrained of liberty, and contain copies of the judgments and prior habeas corpus petition. See Tenn. Code Ann. § 29-21-107 (2003).

Next, we note that, if this Court were to view the Defendant's motion to withdraw his guilty pleas as a petition for writ of habeas corpus, a habeas corpus petition should be filed in the court most convenient in point of distance to the applicant. Tenn. Code Ann. § 29-21-105 (2003). Because the Defendant is incarcerated at Riverbend, any habeas corpus petition should have been filed in Davidson County.

However, even considering the merits of the Defendant's contentions, he is not entitled to habeas corpus relief. As stated above, the grounds for habeas corpus relief are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn.1999). A writ for habeas corpus "will issue only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000); see also Archer, 851 S.W.2d at 164.

The Defendant is seeking to withdraw his guilty pleas for first degree murder and possession of a deadly weapon based on his contention that his guilty pleas were not knowingly and voluntarily entered. Judgments made upon invalid guilty pleas are voidable, and not void, and therefore are appropriately challenged through a petition for post-conviction relief, not by habeas corpus relief. Archer, 851 S.W.2d at 164; Larry L. Halliburton v. State, No. W2001-00755-CCA-R3-CO, 2002 WL 1558611 (Tenn. Crim. App., at Jackson, Jan. 30, 2002), *perm. app. denied* (Tenn. July 1, 2002). Therefore, we cannot grant the Defendant the relief he seeks based upon his contention that his pleas were unknowing and involuntary.

The Defendant cites State v. Bruce C. Reliford, No. W1999-00826-CCA-R3-CD, 2000 WL 1473846 (Tenn. Crim App., at Jackson, Oct. 2, 2000), *no perm. app. filed*, to support his contention that he is entitled to habeas corpus relief from his judgment of conviction of first degree murder. We cannot agree. In Reliford, the defendant pled guilty to first degree murder, two counts of aggravated robbery, and one count of aggravated assault and was sentenced to life imprisonment without parole, a sentence which, at that time, was an illegal sentence for a first degree murder conviction. Id. at *1. The Court vacated the defendant's first degree murder conviction and sentence, and also vacated the other convictions and sentences because the Court was "unable to separate the individual convictions/sentences imposed under the plea agreement in fashioning appropriate relief." Id. at *3. In Reliford, the illegal sentence was for first degree murder, the most serious of the crimes for which the defendant was convicted. The present case is distinguishable from Reliford. In the present case, the Defendant's illegal sentence was for conspiracy to commit first degree murder for which he was sentenced to three years, a sentence he has already served. The only conviction that could properly be challenged in a habeas corpus petition is the Defendant's first degree murder conviction, for which he is restrained of his liberty. Even if we consider the Defendant's motion to set aside his guilty pleas as a petition for writ of habeas corpus, we have found nothing in this record to indicate that such a petition has merit. The Defendant's life sentence has not expired and nothing in the record or on the face of the judgment indicates that the Hardeman County Circuit Court lacked

jurisdiction or authority to enter the conviction and sentence for first degree murder. This issue is without merit.

### III.     Conclusion

In accordance with the foregoing authorities and reasoning, we AFFIRM the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE