IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 8, 2022

**DESHAWN MCCLENTON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**Nos. 98-02226, 98-02227   Lee V. Coffee, Judge**
_____

**No. W2021-01054-CCA-R3-HC**
_____

The Petitioner, DeShawn McClenton, appeals the summary dismissal of his petition for writ of habeas corpus.  After review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

DeShawn McClenton, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Richard D. Douglas, Senior Assistant Attorney General; and Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

A Shelby County jury convicted the Petitioner of especially aggravated kidnapping and aggravated robbery for his role in a 1997 robbery of a Mrs. Winner's restaurant, during which he forced the restaurant's employee into a van at gunpoint, drove her to the restaurant, made her open the restaurant's safe, and stole money stored inside the safe.  *State v. DeShawn McClenton*, No. W1999-00879-CCA-R3-CD, 2000 WL 987283, at *1-2 (Tenn. Crim. App. July 11, 2000).  The Petitioner was classified as a career offender based on felony convictions from 1992, and he received consecutive sentences of sixty years for especially aggravated kidnapping and thirty years for aggravated robbery.  *Id.*  This court affirmed the Petitioner's convictions on direct appeal.

*Id.* at \*7.  According to the habeas corpus court's order denying the present petition, the Petitioner unsuccessfully sought several avenues of post-judgment relief, including post-conviction relief, a writ of error coram nobis, two motions to correct an illegal sentence, and two motions to reopen post-conviction proceedings, only some of which were appealed to this court.  *See DeShawn McClenton v. State*, No. W2002-02745-CCA-R3-PC, 2003 WL 21878537, at \*3 (Tenn. Crim. App. Aug. 6, 2003) (affirming the denial of the Petitioner's petition for post-conviction relief); *DeShawn McClenton v. State*, No. W2013-02050-CCA-R3-PC (Tenn. Crim. App. July 24, 2014) (order dismissing the Petitioner's appeal of the denial of his motion to reopen post-conviction proceedings).

In December 2019, the Petitioner filed a pro se petition for habeas corpus relief, claiming that his sentences in the underlying case were illegal because the 1992 convictions supporting his classification as a career offender were void.  *DeShawn McClenton v. Grady Perry, Warden*, No. W2020-00336-CCA-R3-HC, 2021 WL 1174734, at \*2 (Tenn. Crim. App. Mar. 29, 2021), *no perm. app. filed*.  The habeas corpus court dismissed the petition on the grounds that the issue had been previously determined in his second motion to correct an illegal sentence and his convictions underlying the present case were facially valid.  *Id.* at \*2.  On appeal, a panel of this court dismissed the Petitioner's appeal because he failed to timely file a notice of appeal and the interests of justice did not require waiver of the timely filing of the notice of appeal.  *Id.* at \*3.  This court also noted that Tennessee Code Annotated section 29-1-105 required the Petitioner to file the petition in the court most convenient to him in point of distance, which was Wayne County, where he was confined.  *Id.*  However, the Petitioner filed the petition in Shelby County despite acknowledging Wayne County was the proper jurisdiction, and he did not provide a satisfactory reason for doing so pursuant to Tennessee Code Annotated section 29-21-105.  *Id.*

On February 5, 2021, the Petitioner filed the present petition for writ of habeas corpus.  As relevant to the issues raised on appeal, he asserted that the State withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); that he is actually innocent of the underlying convictions; that the evidence was insufficient to support his convictions; that he was prosecuted and sentenced on the basis of his race; and that he received ineffective assistance of counsel.  He also claimed that his sentences were illegal because the trial court failed to apply mitigating factors, failed to consider statistical information and the purposes and principles of sentencing, misapplied enhancement factors, and failed to consider mitigating evidence; because his sentence was enhanced by the court's finding of fact in violation of *Blakely v. Washington*, 542 U.S. 296 (2004); and because his 1992 convictions supporting his career offender classification were void. The Petitioner was housed in Clifton, Tennessee, located in Wayne County, but he filed his petition in Shelby County, Tennessee, alleging in his petition that the Shelby County

Criminal Court had jurisdiction to adjudicate his petition and that it possessed relevant sentencing records.

The habeas corpus court concluded that the Petitioner's petition was procedurally defective because he failed to file his habeas petition in the court most convenient in point of distance to him. In addition to finding that the petition was procedurally defective, the court concluded that some of the claims were previously determined or did not state a cognizable claim for relief. The court concluded that his claim challenging his sentences was previously determined in an order denying his second motion to correct an illegal sentence. The court determined that, in any event, the claim challenging his sentences did not state a cognizable claim for habeas corpus relief. The court also determined that the Petitioner's *Brady* claim regarding withheld evidence did not state a cognizable claim for relief. The court summarily dismissed the petition, and the Petitioner appeals.[1]

## ANALYSIS

The Petitioner maintains on appeal that the State withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); that he is actually innocent of the underlying convictions; that the evidence was insufficient to support his convictions; that he was prosecuted and sentenced on the basis of his race; and that he received ineffective assistance of counsel. He also claims that his sentences were illegal because the trial court failed to apply mitigating factors, failed to consider statistical information and the purposes and principles of sentencing, misapplied enhancement factors, and failed to consider mitigating evidence; because his sentence was enhanced by the court's finding of fact in violation of *Blakely v. Washington*, 542 U.S. 296 (2004); and because his 1992 convictions supporting his career offender classification were void. The State responds that the Petitioner is not entitled to relief because he failed to file the petition in the court most convenient in point of distance to him and that he fails to state a cognizable claim for relief. We disagree with the State that the Petitioner filed his petition in the wrong court, but we agree with the State that the Petitioner fails to state a cognizable claim for relief.

Article I, section 15 of the Tennessee Constitution guarantees the right for prisoners to seek habeas corpus relief. However, the "grounds upon which habeas corpus

---

[1] We note that the Petitioner attached to his appellate brief over one hundred pages of documents. To the extent any of these documents are not included in the appellate record, we decline to consider them. *See Ricky Flamingo Brown, Sr., v. State*, No. M2002-02427-CCA-R3-PC, 2003 WL 21362197, at *2 (Tenn. Crim. App. June 13, 2003) (supporting documentation attached to the petitioner's appellate brief that was not included in the appellate record could not be considered on appeal); *see also* Tenn. R. App. P. 28(a).

relief may be granted are very narrow." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). In Tennessee, habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 2013). Habeas corpus relief is available for void judgments but not merely voidable judgments. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). (citing *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992)). A judgment is void when "the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor*, 995 S.W.2d at 83 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998); *Archer*, 851 S.W.2d at 161-64). On the other hand, a voidable judgment is "facially valid and requires proof beyond the record to establish its invalidity." *Summers*, 212 S.W.3d at 256 (citing *Dykes*, 978 S.W.2d at 529). Accordingly, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." *State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000). The petitioner seeking habeas corpus relief must prove by a preponderance of the evidence that the judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). The habeas corpus court may summarily dismiss a petition if the petitioner clearly fails to state a cognizable claim for relief. *Summers*, 212 S.W.3d at 261; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Whether habeas corpus relief should be granted is a question of law reviewed on appeal de novo without a presumption of correctness. *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007); *Summers*, 212 S.W.3d at 255.

The State asserts that the Petitioner improperly filed his petition in Shelby County as the court of conviction instead of Wayne County as the court most convenient in point of distance to him. The procedures governing habeas corpus petitions are codified in Tennessee Code Annotated sections 29-21-101 through 29-21-130. The procedural requirements "are mandatory and must be followed scrupulously." *Archer*, 851 S.W.2d at 165 (citing *Bateman v. Smith*, 194 S.W.2d 336, 337 (Tenn. 1946)). Section 29-21-105 provides that "[t]he application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge."

The primary case governing this issue is *Davis v. State*, in which the petitioner filed a habeas corpus petition in Davidson County, the court of conviction, rather than Hardeman County, the court most convenient to him in point of distance, on the basis that Davidson County sentenced him and retained the authority to correct an illegal sentence. *Davis v. State*, 261 S.W.3d 16, 18 (Tenn. Crim. App. 2008). The habeas corpus court

dismissed the petition on the ground that the petitioner failed to file in Hardeman County. *Id.* On appeal, this court concluded that

> when a habeas corpus petitioner *asserts* that his sentence is illegal, the fact that the convicting court possesses relevant records and retains the authority to correct an illegal sentence at anytime is a sufficient reason under Tennessee Code Annotated section 29-21-105 for the petitioner to file in the convicting court rather than the court closest in point of distance.

*Id.* at 22 (emphasis added). We also noted that "convicting courts will retain the ability to summarily dismiss petitions when the petition fails to state a cognizable claim for relief." *Id.*

The rule in *Davis* was distinguished by an unpublished opinion in *Vance McCaslin*, which is relied upon by the State. In *Vance McCaslin v. State*, the petitioner filed his habeas petition in Giles County on the ground that he was sentenced there instead of Hickman County, where he was incarcerated. No. M2009-00898-CCA-R3-HC, 2010 WL 1633391, at *1 (Tenn. Crim. App. Apr. 7, 2010). The petitioner alleged that his sentences were illegal because they were measured in years, months, and days rather than years and months, that determinate sentences were incorrectly imposed rather than indeterminate sentences, and that the trial court erred in imposing consecutive sentencing. *Id.* The habeas corpus court dismissed the petition in part because it determined the petitioner failed to file in the proper court. *Id.* On appeal, a panel of this court affirmed because Giles County was not the court most convenient to the petitioner in point of distance and the petitioner failed to state a sufficient reason for filing in Giles County rather than Hickman County. *Id.* at *3. This court distinguished the petitioner's case from *Davis* on the basis that his sentencing claims were "based solely on interpretation of the law and d[id] not require documents more accessible to the sentencing court" and that he failed to "cite specific facts and circumstances" supporting jurisdiction in the court of filing. *Id.* Further, this court reasoned that the rule established in *Davis* does not extend to every case involving sentencing because that would "undermine the jurisdictional and procedural requirements of" section 29-21-105. *Id.* We note that this court recently recognized that a petitioner alleged a sufficient reason justifying filing the petition in the trial court rather than the court most convenient to the petitioner when the petitioner alleged that the trial court retained sentencing records and alleged that the sentence was illegal based on grounds similar to those alleged by the Petitioner in this case. *See, e.g.*, *Lacey Jones v. State*, No. W2021-00355-CCA-R3-HC, 2022 WL 414156, at *1, *3 (Tenn. Crim. App. Feb. 11, 2022) (concluding that a petitioner seeking habeas relief on the ground that the court improperly enhanced his sentence using prior convictions that were void properly filed the petition in the court of conviction based on his assertion that the court retained records relating to his sentence

and retained authority to address his petition under section 29-21-105), *no perm. app. filed*.

Citing *Vance McCaslin*, the State posits that the outcome of our analysis under section 29-21-105 should turn on whether the Petitioner's sentence is "actually illegal." However, this court expressly stated in *Davis* that the petitioner's *assertion* that his sentence is illegal taken together with the fact that the convicting court possesses relevant records and retains the authority to correct an illegal sentence at any time is a sufficient reason under section 29-21-105. *Davis*, 261 S.W.3d at 22. Further, the opinion in *Vance McCaslin* does not require a petitioner's sentence to actually be illegal for a petitioner to be able to file in the convicting court rather than the court most convenient in point of distance. The crux of the State's argument is that the Petitioner has not stated a cognizable claim for relief. However, the *Davis* opinion averred this was a basis independent from section 29-21-105 for the habeas corpus court to deny relief. *Id.*; *see* T.C.A. § 29-21-109 ("If, from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused, the reasons for such refusal being briefly endorsed upon the petition, or appended thereto."). In the present case, the Petitioner asserted in his petition that the Shelby County Criminal Court had jurisdiction to adjudicate his petition and that it possessed relevant sentencing records. The Petitioner stated a sufficient reason under section 29-21-105. Therefore, we conclude that the habeas corpus court erred by dismissing the petition on the ground that he failed to file in the court most convenient in point of distance.

Nevertheless, the habeas corpus court correctly determined that the Petitioner failed to raise cognizable claims for habeas relief. Although the Petitioner first claims that the State withheld material evidence and records in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), an alleged *Brady* violation is not a cognizable claim for habeas corpus relief. *Asata D. Lowe v. James Fortner, Warden*, No. E2011-0048-CCA-R3-HC, 2012 WL 1080274, at *3 (Tenn. Crim. App. Mar. 30, 2012). He claims that newly discovered evidence proved his actual innocence, but evidence of actual innocence is not a cognizable claim for habeas corpus relief. *Steve Wallace v. State*, No. M2010-00769-CCA-R3-HC, 2010 WL 5141668, at *3 (Tenn. Crim. App. Dec. 15, 2010).

The Petitioner claims that the evidence was insufficient to support his convictions, however, this claim was previously determined on direct appeal. *See DeShawn McClenton*, 2000 WL 987283, at *7. Additionally, "claims which challenge the sufficiency of the evidence are not cognizable grounds for habeas corpus relief." *Arturo Cardenas, Jr. v. State*, No. M2019-00899-CCA-R3-HC, 2020 WL 5615110, at *3 (Tenn. Crim. App. June 10, 2020), *no perm. app. filed*. He also claims that he was prosecuted and sentenced on the basis of his race. "A claim of vindictive prosecution would render a conviction voidable, not void, and is therefore not cognizable in a habeas corpus

proceeding." *Thomas Ernest Young v. State*, No. M2016-02333-CCA-R3-HC, 2018 WL 444202, at *4 (Tenn. Crim. App. Jan. 17, 2018) (concluding that the petitioner's claim that the State selectively prosecuted him and subjected him to racial discrimination, if taken as true, rendered his convictions voidable rather than void). Relatedly, a claim of violation of due process rights or equal protection rights is not a cognizable claim for habeas corpus relief. *John A. Woodruff, Sr. v. State*, No. M2009-00187-CCA-R3-HC, 2009 WL 2877619, at *2 (Tenn. Crim. App. Sept. 9, 2009). The Petitioner's claim that he received the ineffective assistance of counsel is not cognizable for habeas corpus relief. *See Jose Luiz Dominquez v. State*, No. M2016-00302-CCA-R3-HC, 2017 WL 652218, at *3 (Tenn. Crim. App. Feb. 17, 2017) (citing *Michael Aaron Pounds v. Roland Colson, Warden*, No. M2012-02254-CCA-R3-HC, 2013 WL 6001951, at *4 (Tenn. Crim. App. Nov. 12, 2013)).

The Petitioner asserts numerous arguments in support of his claim that his sentences were illegal. Only fatal errors, which include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses," render a defendant's sentence illegal. *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (stating that the definition of "illegal sentence" in Rule 36.1 "is coextensive with, and not broader than, the definition of the term in the habeas corpus context") (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 448-49 (Tenn. 2011); *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2011)). The Petitioner argues that his sentences were excessive and that the trial court misapplied enhancement factors, failed to apply mitigating factors, and improperly ordered his sentences to be served consecutively instead of concurrently, but these arguments are not cognizable for habeas corpus relief. *See Cantrell*, 346 S.W.3d at 451 (concluding that the length of a defendant's sentence, including the consideration of enhancement and mitigating factors, whether the defendant is sentenced to probation or confinement, and whether the sentences are ordered to be served consecutively or concurrently, is not a cognizable claim for habeas corpus relief). His claim that the trial court failed to consider certain mitigating evidence during sentencing is not a cognizable claim for relief. *See Bobby Joe Strader v. David Osborne, Warden*, No. E2011-02510-CCA-MR3-HC, 2012 WL 3548510, at *3 (Tenn. Crim. App. Aug. 17, 2012). He argues that his sentence was enhanced by the court's findings of fact in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). However, a *Blakely* violation renders a conviction merely voidable rather than void, and the claim is not cognizable for purposes of habeas relief. *Jackie F. Curry v. Howard Carlton, Warden*, No. E2011-00607-CCA-R3-HC, 2011 WL 4600621, at *5 (Tenn. Crim. App. Oct. 6, 2011) (citing *Ulysses Richardson v. State*, No. W2006-01856-CCA-R3-PC, 2007 WL 1515162, at *3 (Tenn. Crim. App. May 24, 2007)).

The Petitioner also maintains that he was improperly classified as a career offender because the predicate convictions from 1992 are void. However, he fails to address the habeas corpus court's determination that the claim was previously determined in his second motion to correct an illegal sentence. *See State v. Donaven Brown*, No. W2017-02532-CCA-R3-CD, 2018 WL 2966954, at *2 (Tenn. Crim. App. June 8, 2018) (holding that the petitioner's claim of an illegal sentence was previously litigated in the petitioner's habeas corpus petition and that the doctrine of collateral estoppel prevented the court from revisiting the issue in his Rule 36.1 motion). Moreover, he does not allege that the career offender classification was statutorily unavailable at the time he entered his sentence. Instead, he contends that he should have been classified as a standard offender because he had no valid predicate convictions on which the career offender classification could have been based. Habeas corpus relief is not available for irregularities in offender classifications. *Edwards v. State*, 269 S.W.3d 915, 924 (Tenn. 2008); *see Lacey Jones*, 2022 WL 414156, at *3. Accordingly, the Petitioner has not shown an entitlement to relief on appeal.

## CONCLUSION

Based upon the foregoing reasons, we affirm the judgment of the habeas corpus court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE