IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 6, 2024

## PATRICK MARSHALL v. BRANDON WATWOOD, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 23-CR-10935     Mark L. Hayes, Judge**

_____

### No. W2023-01314-CCA-R3-HC

_____

The Petitioner, Patrick Marshall, appeals the Lake County Circuit Court's summary dismissal of his petition for writ of habeas corpus relief. Based on our review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which J. ROSS DYER and JOHN W. CAMPBELL, SR., JJ., joined.

Patrick Marshall, Tiptonville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; G. Kirby May, Assistant Attorney General; and Danny Goodman, Jr., District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.     FACTUAL AND PROCEDURAL HISTORY

Between September 2000 and July 2002, the Petitioner raped three women in Shelby County by entering their apartments and holding them at knifepoint. DNA evidence linked the Petitioner to all three offenses. The Shelby County grand jury later indicted the Petitioner and charged him with three counts of aggravated rape, among other offenses, in case numbers 11-05630, 15-04086, and 16-01501. *See* Tenn. Code Ann. § 39-13-502. On September 12, 2018, the Petitioner stipulated to the facts set forth above and entered guilty pleas to three counts of aggravated rape. In exchange for his guilty pleas, the Petitioner

received agreed-upon concurrent sentences of twenty-five, nineteen, and eighteen years for his convictions. The release eligibility on each of the uniform judgment documents was marked "Agg Rapist 100%." The judgment documents also contained the requirement that the Petitioner be subject to community supervision for life, *see* Tennessee Code Annotated section 39-13-524, but the transcript of the guilty plea hearing reflects that the trial court did not advise the Petitioner of this requirement at the hearing.

On October 28, 2021, the Petitioner filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1. *State v. Marshall*, No. W2022-01068-CCA-R3-CD, 2023 WL 2861715, at *1-4 (Tenn. Crim. App. Apr. 10, 2023), *perm. app. denied* (Tenn. June 29, 2023). In his motion, the Petitioner argued that his 100-percent service rate for the aggravated rape convictions were in direct contravention to Tennessee Code Annotated section 39-13-523(e)(3) since the offenses occurred prior to July 1, 2012. *Id.* at *1 (noting that the statute requires "aggravated rapists" to serve the entire sentence "if the offense occurs on or after July 1, 2012"). The Defendant "aver[r]ed that the illegal aspect was a material component of the guilty plea agreement because he pled guilty with understanding that he would be sentenced under Tennessee Code Annotated section 40-35-501(i) (100% and thus receive 15% sentence reduction credits)." *Id*. at *2 (internal quotation marks and brackets omitted). The trial court denied the Petitioner's Rule 36.1 motion, but it entered an order directing the Tennessee Department of Correction ("TDOC") to permit the Petitioner the possibility of earning up to fifteen percent sentencing reduction credits. *Id*. On appeal, this court affirmed the denial of the Rule 36.1 motion but, recognizing that the TDOC was bound to enforce the judgments as entered by the trial court regardless of the subsequent order of the trial court to the contrary, remanded for entry of corrected judgment forms that removed the notation of "Agg Rapist 100%" and noted in the "Special Conditions" box that the Petitioner "committed his offenses prior to July 1, 2012[,] and is, therefore, sentenced to a sentence of 100% but is entitled to earn up to 15% sentence reduction credits." *Id.* at *4.

On August 9, 2023, the Petitioner filed a pro se petition for writ of habeas corpus in which he alleged that his judgments were void and illegal because (1) the Petitioner's sentences were improperly enhanced given the State did not file a notice seeking enhanced punishment; (2) the Petitioner's sentences were improperly enhanced given the trial court's failure to identify the Petitioner's prior convictions used to enhance his sentence, which caused the Petitioner's offender status to be miscalculated; (3) the trial court failed to state the statutory factors it considered, the reason for the sentences, and the specific findings of fact underlying the sentences; and (4) the Petitioner was not made aware of the mandatory requirement of community supervision for life during the guilty plea hearing.

- 2 -

On August 23, 2023, the habeas corpus court filed an order summarily dismissing the petition. In its order, the habeas corpus court found that the petition was not properly verified by affidavit as required by Tennessee Code Annotated section 29-21-107(a) and that the Petitioner failed to attach to his petition the corrected judgments that were mandated by this court in the Petitioner's Rule 36.1 appeal. Substantively, the habeas corpus court found that, since the Petitioner was not sentenced following a conviction after trial or as the result of an "open plea," as he had claimed in his petition, (1) the State did not need to file a notice of intent to seek enhanced punishment to reach the agreement it did; (2) the trial court was not obligated to require the filing of the judgments of the Petitioner's prior convictions before accepting the plea agreement or imposing the sentence; and (3) the trial court did not need to find or announce the statutory factors supporting the sentence imposed or make any findings of fact with respect to determining the sentence. The habeas corpus court noted that the Petitioner was not sentenced as a multiple, persistent, or career offender. Regarding the trial court's failure to advise the Petitioner of the lifetime community supervision requirement, the habeas corpus court concluded that this requirement was a mandatory consequence of the Petitioner's convictions and that the trial court's failure to advise on this point rendered the judgments voidable, rather than void, thus preventing the Petitioner from receiving habeas corpus relief. This timely appeal followed.

## II.    ANALYSIS

The Petitioner contends on appeal that the habeas corpus court erred by summarily dismissing his petition without the appointment of counsel or an evidentiary hearing. Further, the Petitioner contends that the habeas corpus court erred in its ruling that the petition was not verified by affidavit and in its denial of the Petitioner's four substantive claims that his judgments are void and illegal. The State argues that the summary dismissal was proper because the Petitioner failed to comply with the procedural requirements for filing his petition. The State further contends that the Petitioner "failed to state a colorable claim or establish that his judgments were void[,]" thus obviating the need for the appointment of counsel or an evidentiary hearing. We agree with the State.

The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. While the right to seek a writ of habeas corpus is a constitutional right, it is regulated by statute in Tennessee. *See Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). The statute provides, with certain limited exceptions, that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101(a). However, the "grounds

- 3 -

upon which habeas corpus relief will be granted are very narrow." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that the petitioner's sentence has expired and he is entitled to immediate release. *See State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968).

A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A sentence imposed in direct contravention of a statute is illegal and thus, void. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *See Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *see* Tenn. Code Ann. § 29-21-109. The determination of whether to grant habeas corpus relief is a question of law, and our review is de novo. *Summers*, 212 S.W.3d at 255.

The procedural requirements of the habeas corpus statutes are "mandatory and must be followed scrupulously." *Archer*, 851 S.W.2d at 165 (citing *Bateman v. Smith*, 194 S.W.2d 336, 337 (Tenn. 1946)). If a petitioner does not strictly comply with these procedural provisions, a habeas corpus court may dismiss the petition on that ground alone. *See Hickman*, 153 S.W.3d at 21; *State ex rel. Kuntz v. Bomar*, 381 S.W.2d 290, 291 (Tenn. 1964).

The procedural requirements for habeas corpus petitions are set forth in Tennessee Code Annotated section 29-21-107, which provides in part that an "[a]pplication for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit." Tenn. Code Ann. § 29-21-107(a). A petition has been "verified by affidavit" if said affidavit has been notarized or verified under oath. *See Jones v. State*, No. M2019-01935-CCA-R3-HC, 2020 WL 4208425, at *2 (Tenn. Crim. App. July 22, 2020) (finding a petition to be procedurally defective as the affidavits provided by the petitioner were "neither notarized nor verified under oath"); *see also Soimis v. State*, No. M2014-01700-CCA-R3-HC, 2015 WL 1881064, at *2 (Tenn. Crim. App. Apr. 24, 2015) (finding the petitioner failed to verify his petition by affidavit because his signature under the "Verification Under Oath" section was not witnessed by a notary and did not have a stamp affixed).

The petition shall also state "[t]he cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence[.]" Tenn. Code Ann. § 29-21-107(b)(2). A copy of the judgments at issue must be included in the petition. *See McCann v. State*, No. M2018-00192-CCA-R3-HC, 2018 WL 5733295, at \*2 (Tenn. Crim. App. Oct. 31, 2018) (citing *Archer*, 851 S.W.2d at 165). If a petitioner fails to attach the underlying judgments to a petition for writ of habeas corpus or offer an explanation as to the judgments' absence, the petitioner has failed to meet the statutory procedural requirements. *State v. Jeffries*, No. W2007-02027-CCA-R3-HC, 2008 WL 2053721, at \*3 (Tenn. Crim. App. May 13, 2008) (citing Tenn. Code Ann. § 29-21-107(b)(2); *State ex rel. Wood v. Johnson*, 393 S.W.2d 135, 136 (Tenn. 1965)).

We begin by addressing the parties' arguments concerning the Petitioner's compliance with the procedural requirements for habeas corpus petitions. The Petitioner argues that the habeas corpus court incorrectly concluded that his petition was not "verified by affidavit" as required by Code section 29-21-107(a). The Petitioner argues that his petition was verified by affidavit on two occasions: on the page following the signature page of his petition and in his Affidavit of Indigency. Regarding the first occasion, although the section is titled "Petitioner's Verification Under Oath and Subject to Penalty of Perjury," there is no indication that the Petitioner was under oath when he signed the petition. Additionally, there is no evidence of notarization. The Petitioner's Affidavit of Indigency was also neither verified under oath nor notarized. Therefore, the Petitioner's habeas corpus petition has not been verified by affidavit. Since the Petitioner failed to verify his petition by affidavit as statutorily required, the habeas corpus court's summary dismissal of the petition was proper on that basis alone. *See Soimis*, 2015 WL 1881064, at \*2. We, therefore, need not discuss the State's argument regarding the Petitioner's failure to attach the corrected judgments to his petition.

Our supreme court has held, "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements; however, dismissal is not required. The habeas corpus court may . . . choose to adjudicate the petition on its merits." *Hickman*, 153 S.W.3d at 21 (footnote omitted) (citing Tenn. Code Ann. § 29-21-109). Because the habeas corpus court here did not dismiss the petition solely based upon the Petitioner's failure to comply with the procedural requirements for habeas corpus relief, we will likewise address the merits of the Petitioner's arguments in this petition.

Our review of the merits indicates that none of the arguments the Petitioner raised in the petition establishes a cognizable claim for habeas corpus relief. The Petitioner first

argues on appeal that the habeas corpus court erred in its denial of the Petitioner's claim that his judgments were void and illegal because his sentence was enhanced despite the State not filing a notice of intent to seek enhanced punishment. Tennessee Code Annotated section 40-35-202(a) requires the State to file this notice with the court and defense counsel ten days before the acceptance of a guilty plea if the State "believes that a defendant should be sentenced as a multiple, persistent or career offender[.]" Offender classification is a "non-jurisdictional element of sentencing." *Edwards v. State*, 269 S.W.3d 915, 924 (Tenn. 2008). Habeas corpus relief is "limited to remedying jurisdictional defects that are apparent on the face of the judgment or the record of the proceedings on which the judgment is rendered." *Id.* Further, this court has consistently held that the State's failure to provide notice of intent to seek enhanced punishment renders a judgment voidable, not void. *Clark v. State*, No. M2019-01212-CCA-R3-HC, 2020 WL 2036650, at *2 (Tenn. Crim. App. Apr. 28, 2020); *Douglas v. Easterling*, No. W2010-00382-CCA-R3-HC, 2010 WL 5549052, at *2 (Tenn. Crim. App. Dec. 29, 2010); *Holmes v. Carlton*, No. E2009-01960-CCA-R3-HC, 2010 WL 3365926, at *2 (Tenn. Crim. App. Aug. 26, 2010). Finally, as the habeas corpus court observed, the Petitioner was not sentenced as a multiple, persistent, or career offender. Therefore, the Petitioner is not entitled to habeas corpus relief on this ground.

The Petitioner also argues that the habeas corpus court erred in its denial of the Petitioner's claim that his judgments are void and illegal because the trial court failed to identify his prior convictions when sentencing the Petitioner, allowing for a miscalculation of the Petitioner's offender status. For the reasons stated above, the Petitioner is not entitled to habeas corpus relief on this ground. *See Edwards*, 269 S.W.3d at 924.

The Petitioner further argues that the habeas corpus court erred in its denial of the Petitioner's claim that his judgments are void and illegal because the trial court did not inform him of the imposition of the additional sentence of mandatory community supervision for life. "[T]rial courts have an affirmative duty to ensure that a defendant is informed and aware of the lifetime supervision requirement prior to accepting a guilty plea." *Ward v. State*, 315 S.W.3d 461, 476 (Tenn. 2010). The record is clear that the trial court did not inform the Petitioner of the additional mandatory requirement of lifetime community supervision nor did it inquire at the guilty plea hearing whether the Petitioner's counsel had informed him of the requirement. The requirement, however, was included in the judgment forms as required by Tennessee Code Annotated section 39-13-524(a)(1). The trial court had the statutory authority to impose the additional sentence of mandatory community supervision for life, and therefore, the judgment is not void on its face. *See Jordan v. State*, No. E2018-00195-CCA-R3-HC, 2018 WL 6787632, at *2 (Tenn. Crim. App. Dec. 26, 2018) (denying the same claim and noting that "[p]ost-conviction relief, not

habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments"). The Petitioner is not entitled to habeas corpus relief on this ground.

Lastly, the Petitioner argues that the habeas corpus court erred in its denial of the Petitioner's claim that his judgments are void and illegal because the trial court failed to state the statutory factors it considered, the reason for the ordered sentences, and the specific findings of fact, all in contravention to Tennessee Code Annotated sections 40-35-210(c), (e), (f) and 40-35-209(c).

Under Tennessee Rule of Criminal Procedure 11(c)(1), the district attorney and a defendant's attorney "may discuss and reach a plea agreement." "If the district attorney general and defendant agree on a specific sentence as to the offense classification, length or manner of service of sentence and the court accepts the sentence agreement as the appropriate disposition in the case, no presentence report or hearing shall be required unless so ordered by the court." Tenn. Code Ann. § 40-35-205(d). If there is any issue of sentencing not agreed upon by the parties and accepted by the court, "[t]here shall be a presentence report and a hearing" to decide the issue. Tenn. Code Ann. § 40-35-203(b); *see also State v. Johnson*, No. 03C01-9410-CR-00385, 1995 WL 351344, at \*3 (Tenn. Crim. App. June 13, 1995) (stating that a presentence report and hearing were necessary because the parties had not agreed to the manner of sentence). Additionally, a "plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized for the plea offense." *Hoover v. State*, 215 S.W.3d 776, 781 (Tenn. 2007).

Here, the Petitioner entered into a negotiated plea agreement in which the State and the Petitioner agreed on specific sentences for each count of aggravated rape. Each of these specific sentences included the offense classification, length, and manner of sentence, and therefore, no issue regarding sentencing was submitted to the trial court to decide. With nothing to determine, the trial court was not required to hold a sentencing hearing. In turn, the Petitioner's reliance on Tennessee Code Annotated sections 40-35-210 and 40-35-209 is misplaced because these sections focus on sentencing hearings and the court's sentencing determination, neither of which occurred in this case. The trial court did not need to state the statutory factors it considered, the reason for the ordered sentences, or the specific findings of fact as these are sentencing hearing functions, and the trial court made no determinations as to the Petitioner's sentence here. Rather, the trial court immediately imposed the Petitioner's agreed-upon sentences pursuant to Tennessee Code Annotated sections 40-35-203(b) and 40-35-205(d). Additionally, the Petitioner's plea-bargained sentences all fell within the statutory range for Range I offenders being sentenced for Class A felonies. *See* Tenn. Code Ann. §§ 40-35-111(b)(1), -112(a)(1). Therefore, the

Petitioner's plea-bargained sentences were statutorily authorized and facially valid. As a result, the Petitioner is not entitled to habeas corpus relief on this ground.

A habeas corpus court may summarily dismiss a petition without the appointment of a lawyer and without an evidentiary hearing when the petition "fails to demonstrate that the judgment is void." *Hickman*, 153 S.W.3d at 20; *Summers*, 212 S.W.3d at 261 (holding that Tennessee Code Annotated section 40-14-204 allows for the appointment of counsel in habeas corpus cases on a discretionary basis and that appointment is not necessary within the meaning of the section "merely because a petition states a cognizable claim" for relief); *see* Tenn. Code Ann. § 29-21-109. The Petitioner's reliance on Code section 8-14-101 as support for his allegation that the habeas corpus court erred when it failed to appoint counsel and conduct an evidentiary hearing despite the Petitioner's request for such "and a clear showing of his indigent status" is misplaced. That statute merely defines an "indigent person" for the purpose of establishing the offices of the district public defenders. It does not alter the discretionary authority of habeas corpus courts to deny the appointment of counsel as set forth in Code section 40-14-204 and as described in *Summers*. As the habeas corpus court noted, and as this court holds here, there is nothing on the face of the judgments to indicate that the Petitioner's judgments are void and illegal. Therefore, no appointment of counsel or hearing was necessary.

### III.    CONCLUSION

Based on our review, we affirm the judgment of the habeas corpus court summarily dismissing the petition.

_____
KYLE A. HIXSON, JUDGE